FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 0 2 2010 ★

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

BROOKLYN OFFICE

ARRIVALSTAR, S.A. and MELVINO
TECHNOLOGIES, LTD.,

       Plaintiffs,

v.

WALKER INTERNATIONAL
TRANSPORTATION, LLC,
METROPOLITAN TRANSPORTATION
AUTHORITY, BDP
INTERNATIONAL, INC., and NEW
YORK CITY TRANSIT AUTHORITY,

       Defendants.

CASE No. 10 - 5574

**DEMAND FOR JURY TRIAL**

WEXLER, J

BOYLE, M.J.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar, S.A. ("ArrivalStar") and Melvino Technologies, Limited ("Melvino") (collectively "Plaintiffs"), by and through their attorney, Gabriel E. Estadella, as and for their complaint allege as follows:

### NATURE OF THE ACTION

1.    This is an action for patent infringement of United States Patent Nos. 6,714,859; 5,657,010, 6,748,320, 6,952,645, 7,030,781, 7,400,970, 6,486,801, 6,904,359, and 6,317,060 arising under the patent laws of the United States, Title 35.

### THE PARTIES. JURISDICTION AND VENUE

2.    ArrivalStar is a corporation organized under the laws of Luxembourg, maintaining its principal place of business at 67 Rue Michel, Welter L-2730, Luxembourg.

3.    Melvino is a corporation organized under the laws of the British Virgin Islands of Tortola, maintaining its principal place of business at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.

4.    On information and belief, Defendant Walker International Transportation, LLC ("Walker") is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 70 East Sunrise Highway, Suite 604, Valley Stream, New York 115851.

5.    On information and belief, Defendant Metropolitan Transportation Authority ("MTA") is a public corporation organized and existing under the laws of the State of New York, having a principal location of 347 Madison Avenue, New York, New York 10017.

6.    On information and belief, Defendant BDP International, Inc. ("BDP") is a company organized and existing under the laws of the State of Pennsylvania, having a principal place of business at 510 Walnut Street, Third Floor, Philadelphia, Pennsylvania 19106.  BDP has a Registered Agent in the State of New York located at 80 State Street, Albany, New York 12207.

7.    On information and belief, BDP has an operational facility located at 179-02 150th Avenue, Jamaica, New York 11434.

8.    On information and belief, Defendant New York City Transit Authority ("NYCTA") is a public corporation organized and existing under the laws of the State of New York, having a principal place of business at 2 Broadway, New York, New York 1004.

9.    This Court has personal jurisdiction over Walker, MTA, BDP, and NYCTA.

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 271.

11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

. . .

. . .

2

## FACTUAL BACKGROUND

### Plaintiffs' Patents

12.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,714,859 (the " '859 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle," issued March 30, 2004.  A copy of the '859 patent is attached hereto as Exhibit 1.

13.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,748,320 (the " '320 patent"), entitled "Advance Notification Systems and Methods Utilizing a Computer Network," issued June 8, 2004.  A copy of the '320 patent is attached hereto as Exhibit 2.

14.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,952,645 (the " '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel," issued October 4, 2005.  A copy of the '645 patent is attached hereto as Exhibit 3.

15.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 7,030,781 (the " '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006. A copy of the '781 patent is attached hereto as Exhibit 4.

16.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 7,400,970 (the " '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle," issued July 15, 2008.  A copy of the '970 patent is attached hereto as Exhibit 5.

3

17.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,486,801 (the " '801 patent"), entitled "Base Station Apparatus and Method for Monitoring Travel of a Motor Vehicle," issued November 26, 2002. A copy of the '801 patent is attached hereto as Exhibit 6.

18.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,904,359 (the " '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events," issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 7.

19.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 6,317,060 (the " '060 patent"), entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages," issued November 13, 2001. A copy of the '060 patent is attached hereto as Exhibit 8.

20.     Melvino owns all right, title and interest in, and has standing to sue for infringement of United States Patent Number 5,657,010 ("the '010 patent"), entitled "Advance Notification System and Method Utilizing Vehicle Progress Report Generator," issued August 12, 1997. A copy of the '010 patent is attached hereto as Exhibit 9.

### Plaintiffs' Notice Letters

21.     On or about June 23, 2010, Plaintiffs sent Walker a Notice Letter stating, among other things, that Walker's "Supply Chain Integration," "Event Management," and "Real-Time Tracking" applications infringe the '801, '859, '060, '320, '645, '781, and '970 patents.

22.     Plaintiffs' Notice Letter does not assert any cognizable or prima facie grounds of noninfringement, invalidity, or unenforceability.

23.     On or about June 1, 2010, Plaintiffs sent MTA a Notice Letter stating, among other things, that MTA's "Email and Text Message Alert System" infringes the '010, '859, '320, '645, '781, and '970 patents.

24.     Plaintiffs' Notice Letter does not assert any cognizable or prima facie grounds of non-infringement, invalidity, or unenforceability.

25.     On or about October 28, 2010, Plaintiffs sent BDP a Notice Letter stating, among other things, that BDP's "SmartAlerts" and "SmartTracking" applications within BDP's "International Event Management System" application infringe the '359, '801, '859, '060, '320, '645, '781, and '970 patents.

26.     Plaintiffs' Notice Letter does not assert any cognizable or prima facie grounds of non-infringement, invalidity, or unenforceability.

### Action Filed in Southern District of Florida

27.     On or about September 14, 2010, Plaintiffs filed a complaint against Walker in the United States District Court for the Southern District of Florida, Case No. 10-23325-CIV-Seitz/O'Sullivan.

28.     The complaint alleged infringement of the '859, '320, '645, '781, '359, '801, '060 and '970 patents arising under the patent laws of the United States, Title 35.

29.     On or about, November 15, 2010, Walker filed a Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (3).

30.     On or about November 30, 2010, Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

31.     On or about December 1, 2010, United States District Judge Patricia A. Seitz entered an Order dismissing the case without prejudice.

## COUNT ONE: DIRECT INFRINGEMENT BY WALKER

32.     Plaintiffs repeat and reallege the allegations of the paragraphs set forth above as if fully set forth herein.

33.     Pursuant to 35 U.S.C. § 271, Walker has infringed the '859, '320, '645, '781, '359, '801, '060 and '970 patents through, among other activities, the commercial use, offer, or sale of its "Supply Chain Integration," "Event Management," and "Real-Time Tracking" applications.

34.     Plaintiffs will be irreparably harmed by Walker's infringing activities unless those activities are enjoined by this Court.

## COUNT TWO: INDIRECT INFRINGEMENT BY WALKER

35.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

36.     Walker's actual commercial use, offer, or sale of its "Supply Chain Integration," "Event Management," and "Real-Time Tracking" applications is contributory infringement and/or active inducement of infringement by others of the '859, '320, '645, '781, '359, '801, '060, and '970 patents under 35 U.S.C. § 271.

## COUNT THREE:  DIRECT INFRINGEMENT BY MTA

37.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

38.     Pursuant to 35 U.S.C. § 271, MTA has infringed the '010, '859, '320, '645, '781, '359, and '970 patents through, among other activities, the commercial use, offer, or sale of its "Email and Text Message Alert System" application.

39.    Plaintiffs will be irreparably harmed by MTA's infringing activities unless those activities are enjoined by this Court.

## COUNT FOUR:  INDIRECT INFRINGEMENT BY MTA

40.    Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

41.    MTA's actual commercial use, offer, or sale of its "Email and Text Message Alert System" application is contributory infringement and/or active inducement of infringement by others of the '010, '859, '320, '645, '781, '359, and '970 patents under 35 U.S.C. § 271.

## COUNT FIVE:  DIRECT INFRINGEMENT BY BDP

42.    Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

43.    Pursuant to 35 U.S.C. § 271, BDP has infringed the '359, '801, '859, '060, '320, '645, '781 and '970 patents through, among other activities, the commercial use, offer, or sale of its "SmartAlerts" and "SmartTracking" applications within BDP's "International Event Management System" application.

44.    Plaintiffs will be irreparably harmed by BDP's infringing activities unless those activities are enjoined by this Court.

## COUNT SIX:  INDIRECT INFRINGEMENT BY BDP

45.    Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set forth herein.

46.    BDP's actual commercial use, offer, or sale of its "SmartAlerts" and "SmartTracking" applications within BDP's "International Event Management System"

application is contributory infringement and/or active inducement of infringement by others of
the '359, '801, '859, '060, '320, '645, '781 and '970 patents under 35 U.S.C. § 271.

## COUNT SEVEN:  DIRECT INFRINGEMENT BY NYCTA

47.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set
forth herein.

48.     Pursuant to 35 U.S.C. § 271, NYCTA has infringed the '010, '859, '320, '645,
'781, '359, and '970 patents through, among other activities, the commercial use, offer, or sale of
its "Email and Text Message Alert System" application.

49.     Plaintiffs will be irreparably harmed by NYCTA's infringing activities unless
those activities are enjoined by this Court.

## COUNT EIGHT:  INDIRECT INFRINGEMENT BY NYCTA

50.     Plaintiffs repeat and reallege the allegations of the paragraphs above as if fully set
forth herein.

51.     NYCTA's actual commercial use, offer, or sale of its "Email and Text Message
Alert System" application is contributory infringement and/or active inducement of infringement
by others of the '010, '859, '320, '645, '781, '359, and '970 patents under 35 U.S.C. § 271.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs request:

A.      A judgment of damages to compensate Plaintiffs for the infringement that has
already occurred, together with prejudgment interest from the date that each particular
Defendant's infringements of the patents at issue began;

B.      Increased damages as permitted under 35 U.S.C. § 284;

C.     A judgment declaring that this is an exceptional case entitling Plaintiffs to an award of their reasonable attorneys' fees, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285;

D.     Costs and expenses in the action;

E.     A permanent injunction prohibiting further infringement, inducement, and/or contributory infringement of the patents at issue by each Defendant; and

F.     Such other and further relief as the Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.


Dated: New York, NY
      December 2, 2010.

Respectfully submitted,

/s/ Gabriel E. Estadella
Gabriel E. Estadella, Esq.
New York Bar Number: 779752
Law Office of Gabriel E. Estadella
380 Lexington Ave., 17th Floor
New York, NY 10168
Telephone: (347) 457-6726
Facsimile: (347) 960-6619
E-Mail: gabriel@estadellalaw.com

*Attorney for Plaintiffs*

9